IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

OMID MAHBAN

   Plaintiff,

v.	Case No. 1:21-CV-487

CHARLES MANUEL GONSALVES
**7379 Jiri Woods Court**
**Springfield, Virginia 22153**

   Defendant.

## COMPLAINT WITH JURY DEMAND

COMES NOW Plaintiff OMID MAHBAN, by counsel, and for his Complaint against Defendant Charles Manuel Gonsalves, states as follows:

## PARTIES

1. Plaintiff Omid Mahban is a natural person and resident of the District of Columbia.

2. Defendant Charles Manuel Gonsalves is a natural person and resident of the Commonwealth of Virginia. Upon information and belief, Defendant resides at 7379 Jiri Woods Court, Springfield, Fairfax County, Virginia, 22153.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this case on the basis of diversity of citizenship, pursuant to 28 U.S.C. § 1332, and the amount in controversy exclusive of interest and costs exceeds $75,000.00.

4. This Court has personal jurisdiction over Defendant because (i) he is a domiciliary of the forum state, and (ii) all events giving rise to this lawsuit occurred in the forum state.

5. Venue is appropriate in this judicial district and division pursuant to 28 U.S.C. § 1391(a)–(b) because Defendant is a resident of the County of Fairfax, Virginia, and because the events giving rise to this injury occurred in the County of Fairfax, Virginia.

## COUNT 1—BATTERY

6. On May 25, 2019, Plaintiff attended a graduation party with friends and family members at 7681 Provincial Drive, McLean, Fairfax County, Virginia.

7. During this graduation party, Defendant and his girlfriend each consumed numerous alcoholic beverages with the other partygoers to the point where by the end of the evening they were both intoxicated.

8. Unlike Defendant, Plaintiff was not intoxicated at this graduation party and was in full control of his mental and physical condition at all times.

9. At around 11:00 p.m. that evening, Plaintiff walked with two friends out of the graduation party toward the parking area to get something out of one of his friend's vehicle.

10. As Plaintiff approached his friend and Defendant in order to bid farewell to his friend who was leaving the graduation party, Defendant intentionally struck Plaintiff in his face and head at least once, causing Plaintiff to collapse to the ground, bleeding from his face.

11. After being struck in the face and collapsing to the ground, Plaintiff asked Defendant why Defendant would strike him.

12. Defendant struck Plaintiff in the head again at least once, causing Plaintiff to lose consciousness.

13. By repeatedly striking Plaintiff in the head and face until Plaintiff was rendered unconscious, Defendant's conduct was malicious, deliberate, and performed with the intent to maim, disfigure, or kill Plaintiff.

14. At no time did Plaintiff consent to being struck in the head and the face, which he found to be repugnant, offensive, harmful, and unjustifiable.

15. Despite the fact that he and his girlfriend were both intoxicated and despite leaving a man unconscious and bloody in the middle of parking lot, and evidencing his consciousness of guilt for having committed abhorrent and wrongful conduct toward Plaintiff, Defendant ordered his intoxicated girlfriend to drive him away from the scene while he was nursing injuries to his hand sustained in punching Plaintiff repeatedly in the face.

16. After fleeing the scene of the battery, Defendant admitted to a law enforcement officer that he had struck Plaintiff twice.

17. As a direct and proximate result of Defendant's conduct, Plaintiff sustained severe traumatic and permanent physical, mental, and emotional injuries and damages, has experienced and will continue to experience pain and suffering, has lost and will continue to lose earnings and earning capacity, has incurred and will continue to incur medical expenses, has been prevented and will continue to be prevented from enjoying the ordinary pleasures of life, and has suffered and will continue to suffer other damages.

## COUNT 2 - NEGLIGENCE

18. Plaintiff re-alleges and incorporates all allegations set forth in paragraphs 1 through 17 as if fully set forth herein.

19. Defendant owed Plaintiff a duty to act in a reasonable manner, to maintain awareness of his surroundings and circumstances, and to refrain from applying more force than

was reasonably necessary to defend himself or others from any perceived risk of harm from Plaintiff.

20. Defendant knew or should have known that Plaintiff was not a threat to himself or to others, as Defendant did not observe any threatening, suggestive, or menacing actions of Plaintiff toward himself or any third party at any time during the graduation party, and that Plaintiff's own family members and family friends were present at this graduation party.

21. Nobody reported to Defendant any threatening, suggestive, or menacing actions taken by the Plaintiff toward anybody at the graduation party before Defendant confronted Plaintiff in the parking area.

22. To the extent Plaintiff's conduct somehow provoked a Defendant to feel the need to defend himself, Defendant owed Plaintiff a duty of care to use no more force than necessary to repel whatever reasonably perceived threat of bodily harm from Plaintiff.

23. Defendant breached this duty by applying a quantum of force more than necessary in order to repel whatever reasonably perceived threat of bodily harm from Plaintiff.

24. As a direct and proximate result of Defendant's conduct, Plaintiff sustained severe and permanent physical, mental, and emotional injuries and damages, has experienced and will continue to experience pain and suffering, has lost and will continue to lose earnings and earning capacity, has incurred and will continue to incur medical expenses, has been prevented and will continue to be prevented from enjoying the ordinary pleasures of life, and has suffered and will continue to suffer other damages.

## **COUNT 3 – WILLFUL AND WANTON NEGLIGENCE**

25. Plaintiff re-alleges and incorporates all allegations set forth in paragraphs 1 through 24 as if fully set forth herein.

26. Defendant's conduct on May 25, 2019 constituted willful and wanton conduct and/or conduct in conscious disregard for the rights and safety of others for the following reasons:

   a. When Plaintiff collapsed to the ground after being struck in the face and head, Defendant had caused immediate injuries to Plaintiff.

   b. Regardless of the request from Plaintiff to stop striking him and asking him why Defendant struck him in the first place, Defendant chose to ignore Plaintiff and struck him some more.

   c. Defendant knew that any threat of harm had been repelled once Plaintiff had fallen to the ground, and in spite of that knowledge, continued to strike Plaintiff in the head until Plaintiff was rendered unconscious.

   d. Defendant is presumed to have intended the natural consequences of his intentional actions, *i.e.*, striking Plaintiff in the head multiple times.

   e. Despite striking Plaintiff in the head multiple times and leaving him bloodied and unconscious in the parking lot, Defendant fled the scene of the accident before law enforcement could arrive and investigate this attack, evidencing his consciousness of guilt.

   f. Despite striking Plaintiff in the head multiple times and leaving him bloodied and unconscious in the parking lot, Defendant was deliberately indifferent to Plaintiff's obvious, serious, and urgent need for medical attention.

27. These acts combined with some or all of the aforesaid acts of negligence, in combination, constitute a conscious disregard for the rights and safety of others.

WHEREFORE, Plaintiff Omid Mahban respectfully demands judgment against Defendant Charles Manuel Gonsalves in the sum of ONE MILLION DOLLARS and no/100 ($1,000,000.00) in compensatory damages and THREE HUNDRED FIFTY THOUSAND DOLLARS AND no/100 ($350,000.00) in punitive damages, plus his costs, pre-judgment interest from May 25, 2019, post-judgment interest, and all further relief the Court deems just and proper.

**TRIAL BY JURY IS DEMANDED.**

OMID MAHBAN

By Counsel

/s/ *W. Bemjamin Woody*
Stanley P. Wellman (VSB No. 27618)
Danielle Giroux (VSB No. 45401)
W. Benjamin Woody (VSB No. 91306)
Counsel for Plaintiff Omid Mahban
Harman, Claytor, Corrigan & Wellman
1900 Duke Street, Suite 210
Alexandria, Virginia  22314
804-747-5200 - Phone
804-747-6085 - Fax
swellman@hccw.com
dgiroux@hccw.com
bwoody@hccw.com